The opinion of the court was delivered by
Tilghman, C. J.
This was an action for money had and received, &c. brought by Elizabeth Ruth, the plaintiff below, against Reese and Garrett, the plaintiffs in error. On the trial of the cause in the Court of Common Pleas of Chester county, the plaintiff gave in evidence a deed of trust from herself to the defendants, conveying to them all her interest in the estate of her deceased husband, Isaac Ruth, “ to be put out at interest during her life, for her only proper use and benefit, and to be paid over, after her decease, as she, by any instrument of writing purporting to be her will, should order and direct, and for want of such will, to such persons as by law should be entitled to the same, such part thereof as after paying her debts, and funeral expenses, should remain in either of the defendant’s hands j allowing the plaintiff during her life a *435 sufficient and comfortable competency for her support, as they may judge necessary and proper.” The plaintiff gave evidence, also, that the defendants had received a considerable sum on her account, from the administrator of her deceased .husband, and given their refunding bond, as required by law, on the receipt of the same. She also gave evidence, that she had been ill-treated by the defendants, and not supported, and maintained, according to the trust On the other hand, the defendants gave evidence, from which they endeavoured to show, that they had been willing to support and maintain the plaintiff in comfort and decency, and that it was her own fault, and choice, that she had not been so maintained. The evidence being closed, the counsel for the defendants requested the court to charge the jury, that, unless there was fraud in obtaining the deed of trust, the plaintiff could not take the money out of their hands by this action. This charge the court refused to give, and thereupon the defendants excepted to their opinion.
There is no doubt that the plaintiff was entitled to a maintenance according to the trust, and I think she might recover, in this form of action, as much as was necessary for her maintenance. But that was not the question. Her object was, to annul the deed of trust, and recover all the money in the hands of the defendants. And from the court’s declining to instruct the jury on that point, it is to be presumed the jury supposed she had a right to recover the whole. Chancery may remove trustees who have been guilty of gross misbehaviour, but the legislature has not yet vested the courts of justice with any such power. We have laws for calling trustees to an account, and demanding security in case of apprehended insolvency. But, where there is no such apprehension, and they are ready to account, there is no power of removal. The object of the present action was to effect a change of trustees. For it seems to faq acknowledged, that the plaintiff is given to habits of intemperance, and by no means fit to be intrusted with the management of her own property. To'say, therefore, that she had a right to annul the deed of trust, and l’esume her property, would, in effect, be to afford her the means of working her own ruin. It appears, that one of the defendants (Rees,) is married to the plaintiff’s daughter. When the deed of trust was executed, it was probably expected, that mother and daughter should live together. Whose fault it is that they have sepai'ated, it is not for me to say. But, if they cannot agree, the plaintiff is undoubtedly entitled to a maintenance from her property in the hands of the defendants, and may recover, from them what is necessary, from time to time, unless indeed it should be evident, that, from a perverse temper, or ill advice, she refused, to live with her trustees, who were willing to support her on lower and better terms than she could have obtained elsewhere. Some regard should be paid to the opinion of the trustees, although they are not to be countenanced in improper restric *436 tions. I think she may recover, also, what may be sufficient to discharge debts contracted bona fide, and to a reasonable amount, for her past maintenance. I say bona fide — ior if there are persons, who, from motives of charity, have heretofore contributed to her support, without any contract, direct or indirect, by which they weie to receive compensation, the plaintiff cannot now take from the defendants all the money in their hands, under pretence of paying her debts. It must be confessed, that our laws, with respect to enforcing the execution of trusts, and changing the trustees in ease of misbehaviour, are very defective. The inconvenience is every day becoming more and more pressing, and no doubt the legislature will ere long turn its attention to a subject so very important. In the case before us, the court ought to have given in charge to the jury, that the plaintiff had no right to avoid her deed, unless fraudulently obtained, and they might at the same time have directed them, that she was entitled to recover what was necessary for present maintenance, and to pay reasonable debts, contracted for past maintenance, under the restrictions which I have ■mentioned. I am of opinion, that the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded*